IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| NORRIE EDWIN ANDREWS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 307-025 |
| ) | (Formerly CR 305-015) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Norrie Edwin Andrews, an inmate currently incarcerated at the Federal Correctional Institution in Ashland, Kentucky, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the following reasons, the Court **REPORTS** and **RECOMMENDS** that Petitioner's § 2255 motion be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

### I. BACKGROUND

On August 10, 2005, a federal grand jury indicted Petitioner on the following charges: (1) two counts of possession with intent to distribute five grams or more or cocaine base in violation of 21 U.S.C. § 841(a)(1) (Counts 1 and 6 of the indictment); (2) two counts of possession with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1) (Counts 2 and 7 of the indictment); (3) two counts of possession of a firearm in

furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (Counts 3 and 8 of the indictment); (4) one count of possession of firearms and ammunition in violation of (Count 4 of the indictment); and (5) one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g) & 924(e). United States v. Andrews, CR 305-015, doc. no. 1 (S.D. Ga. Aug. 10, 2005) (hereinafter "CR 305-015"). Pursuant to a negotiated plea agreement, Petitioner pled guilty to one count of possession with intent to distribute five grams or more or cocaine base and one count of possession of a firearm in furtherance of a drug trafficking crime. CR 305-015, doc. nos. 37, 38. The plea agreement contained an express appeal waiver, wherein Petitioner agreed to give up his rights to direct appeal and collateral attack of his conviction and sentence as follows:

> The defendant, as a part of this agreement . . . expressly waives any and all rights to collateral post-conviction attack of the sentence imposed or the voluntariness, providence, or factual basis of the guilty plea entered pursuant to this agreement.
>
> Notwithstanding these waivers, the defendant reserves the right to file a direct appeal (but not a collateral attack) of the sentence imposed (but not the voluntariness, providence, or factual basis of the defendant's entry of a guilty plea pursuant to this agreement), in the event the sentencing Court upwardly departs from the guideline range . . . .

Id., doc. no. 38 at 8.

At the Rule 11 colloquy, Petitioner's counsel informed the Honorable Dudley H. Bowen, Jr., United States District Judge, that she had met with Petitioner seven times to discuss his case. Id., doc. no. 66 at 7 (hereinafter "Rule 11 Transcript"). Furthermore, Petitioner himself informed Judge Bowen that he had been afforded adequate time to discuss and prepare his case with counsel and went on to agree that he was "entirely satisfied" with

counsel's preparation of his case. Id. at 9-10. Judge Bowen then proceeded to advise Petitioner of the charges in the indictment to which he was pleading as follows, after which Petitioner stated that he understood the charges:

> Q: Mr. Andrew[s], in count six of this indictment the grand jury charges that on or about March 17, 2005, in Laurens County, within the Southern District of Georgia, you, [Petitioner] . . . , aided and abetted [and] did knowingly and intentionally possess with intent to distribute five grams or more of cocaine base, a Schedule [II] controlled substance in violation of federal law.
>
> . . . .
>
> Q: Mr. Andrew[s] do you understand that charge?
>
> A: (Mr. Andrews) Yes, sir.
>
> . . . .
>
> Q: In count eight it is charged that on or about March 17, 2005, in Laurens County, within the Southern District of Georgia, you, [Petitioner] . . . in furtherance of a drug trafficking crime, specifically the possession with the intent to distribute five grams or more of cocaine base, as set forth in count six of the indictment, did knowingly possess a firearm, specifically a North America Arms 22 caliber revolver having a certain serial number in violation of federal law. Do you understand that charge . . . Mr. Andrews?
>
> . . . .
>
> A: (Mr. Andrews) Yes, sir.

Id. at 10-11. Judge Bowen then proceeded to advise Petitioner of the charges he was facing by pleading guilty. Id. at 12-13. Following this, Judge Bowen summarized the substance of Petitioner's plea agreement, in relevant part, as follows:

> Q: . . . . [Y]ou have . . . agreed to waive any right to appeal any sentence that is imposed in your case and that includes a waiver of any collateral or habeas corpus attack. However, that waiver is a conditional one and if for some reason I were to impose a sentence that went above the guideline range in your case you would get your right to file a direct appeal back, but not your

3

habeas corpus rights.

. . . .

Have I summarized your plea[] agreement [in] the same way that you understand it . . . Mr. Andrews?

A: (Mr. Andrews) Yes, sir.

Id. at 16-18.

Special Agent Rhodes of the Bureau of Alcohol, Tobacco, Firearms, and Explosives then testified to the factual basis for Petitioner's guilty plea. In relevant part, Special Agent Rhodes testified that on March 17, 2005,[1] a confidential informant purchased crack cocaine from Petitioner and his co-defendant. Id. at 21. Following the purchase, agents executed a search warrant and seized cocaine in both powder and base forms, as well as a firearm. Id. On March 17, 2005, agents seized 62.4 grams of cocaine hydrochloride and 37.1 grams of cocaine base. Id. at 21, 23-25. Judge Bowen questioned Petitioner about Agent Rhodes' testimony, with which Petitioner stated he had no disagreement. Id. at 25. The Court then accepted and entered Petitioner's guilty plea. Id. at 26.

Prior to Petitioner's sentencing hearing, the probation officer prepared a Presentence Investigation Report ("PSI") and determined that based on Petitioner's involvement with 79.2 grams of cocaine hydrochloride (which is equivalent to 0.79 grams of cocaine base) and 43.85 grams of cocaine base, Petitioner should be held accountable for a total of 44.64 grams of cocaine base. PSI, ¶ 13. This determination resulted in Petitioner being assigned a base

---

[1] Petitioner had also been indicted on charges related to the seizure of cocaine on March 10, 2005. See CR 305-015, doc. no. 1 at 1-4. However, the Government agreed to dismiss these and other charges pursuant to the negotiated plea agreement. Id., doc. no. 38 at 3.

4

offense level of 30. Id. ¶ 19. Petitioner received a three level reduction for acceptance of responsibility and timeliness of his plea, resulting in a total offense level of 27. Id. ¶¶ 16, 26. Having 13 criminal history points, Petitioner was assigned to a criminal history category VI. CR 305-015, doc. no. 67, at 16 (hereinafter "Sentencing Transcript"). Counsel for Petitioner filed written objections to the PSI. Id. at 5; CR 305-015, doc. no. 39.

At Petitioner's sentencing hearing on April 27, 2006, Petitioner informed Judge Bowen that he had been afforded sufficient time to review the PSI and discuss it with his attorney. Sentencing Transcript at 5 (hereinafter "Sent. Tr."). Petitioner's attorney objected to the drug quantity attribution figure, as Petitioner wished to be held accountable only for the drugs seized on March 17, 2005, which formed the basis of Count 6 of the indictment to which Petitioner had pled guilty. Id. at 6. Judge Bowen overruled the objection because even if Petitioner were held accountable for the drugs seized on March 10, 2005 and March 17, 2005, the drug quantity attribution figure would remain within the same range under the U.S. Sentencing Guidelines. Id. at 7-8. Petitioner's counsel also objected to the criminal history calculation in the PSI, which Judge Bowen granted. Id. at 15. Accordingly, Petitioner's criminal history category was changed from a category VI to a category V. Id. at 16. Based on Petitioner's total offense level of 27 and a criminal history category V, Judge Bowen found that the advisory sentencing guideline range was 120 to 150 months of imprisonment as to the drug offense and 60 months of imprisonment, to be served consecutively, as to the firearms offense. Id.

Based on these guidelines, Judge Bowen imposed a sentence of 128 months of imprisonment as to the drug offense and 60 months of imprisonment, to be served

consecutively, as to the firearms offense, for a total of 188 months of imprisonment. CR 305-015, doc. no. 57. The Court also imposed a term of 5 years of supervised release, a $10,000 fine, and $200 in special assessments. Id. Consistent with his plea agreement, Petitioner did not appeal. However, following his conviction, Petitioner filed a motion for a reduction of sentence based on an amendment to the U.S. Sentencing Guidelines, which retroactively affected the sentence imposed for Petitioner's drug offense. Id., doc. no. 73; see U.S. Sentencing Guidelines Manual § 2D1.1, Application Note 10(D)(i) (2008). The relevant amendment provided for a two level reduction in Petitioner's total offense level (from 27 to 25) and a reduction in his criminal history category (from VI to V), which resulted in a sentencing guideline range of 100 to 125 months of imprisonment (plus 60 months of imprisonment on Petitioner's firearms offense), as opposed to 120 to 150 months of imprisonment. CR 305-015, doc. no 77. Judge Bowen granted Petitioner's motion and reduced his total sentence to 168 months of imprisonment. Id. As a result, Petitioner received a twenty (20) month reduction of his original sentence.

Petitioner's timely § 2255 motion presents three claims: (1) he received ineffective assistance of counsel; (2) the Court violated Petitioner's plea agreement when it sentenced him; and (3) Petitioner did not knowingly and voluntarily waive his appeal rights. (Doc. no. 1, p. 4). In reference to the first claim, Petitioner states that his counsel was ineffective in failing to make objections to his PSI and in failing to fully explain Petitioner's plea agreement. (Id. at 5). In reference to the second claim, Petitioner states that the Court should have only sentenced him to 92 to 115 months of imprisonment, since he only pled guilty to possession with intent to distribute 5 to 20 grams of cocaine. (Id.). Finally, in reference to

6

this third claim, Petitioner claims that neither counsel nor the Court fully explained that by pleading guilty, he would be waiving his right to appeal. (Id.). The Court will address each claim in turn.

## II. DISCUSSION

### A. Appeal Waiver

Petitioner's claims in his § 2255 motion is that he did not knowingly and voluntarily waive his appeal rights because neither counsel nor the Court explained its significance to him. It is well-settled that a waiver of appeal[2] provision is only enforceable if the waiver is knowing and voluntary. United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001); United States v. Bushert, 997 F.2d 1343, 1350 (11th Cir. 1993). "To establish the waiver's validity, the [G]overnment must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver." Weaver, 275 F.3d at 1333.

If the Government meets this burden in the instant case, then Petitioner's claim regarding the alleged error in sentencing is barred from review.[3] See United States v. Pease, 240 F.3d 938, 942 (11th Cir. 2001) (*per curiam*) (enforcing waiver provision where defendant was specifically questioned during plea proceedings about waiver); United States v. Howle, 166 F.3d 1166, 1168-69 (11th Cir. 1999); United States v. Benitez-Zapata, 131

---

[2]By "appeal," the Court here refers to the right to "appeal or contest, directly or collaterally, [a] sentence." Bushert, 997 F.2d at 1345.

[3]For the reasons discussed below, Petitioner's claim of ineffective assistance of counsel is not barred by his appeal waiver. See *infra* Part II.B.

7

F.3d 1444, 1146-47 (11th Cir. 1997).

Here, it is clear that Petitioner was fully aware of the significance of the appeal waiver, and entered into the plea agreement knowingly and voluntarily. Besides the fact that Petitioner signed the plea agreement (see CR 305-015, doc. no. 38, p. 14), as noted above, the Court conducted a Rule 11 colloquy and specifically explained to Petitioner the consequences of the appeal waiver. Rule 11 Tr. at 16-17. Upon summarizing the plea agreement and the appeal waiver, the Court asked Petitioner, "Have I summarized your plea[] agreement the way you understand it . . .?" Id. at 18. Petitioner responded, "Yes, sir." Id.

Thus, even if Petitioner's counsel failed to properly explain the significance of the appeal waiver, no prejudice inured to Petitioner because the Court did not fail to do so. Petitioner would have the Court ignore the Rule 11 colloquy; however, "[s]olemn declarations in open court [at a guilty plea hearing] carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). In sum, the Court finds that the appeal waiver is valid, and that Petitioner's claim regarding the alleged error in his sentencing is barred from review.

**B.   Ineffective Assistance of Counsel Claim Not Barred By Waiver**

Notwithstanding the analysis above, Petitioner's claim of ineffective assistance of counsel is not precluded by his appeal waiver, as "there may be a distinction between a § 2255 claim of ineffective assistance in entering or negotiating the plea versus a claim of ineffectiveness at sentencing or a claim challenging the validity of the plea or agreement." Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005). As it appears that Petitioner is challenging his counsel's performance as it relates to the validity of his plea or

8

waiver (inasmuch as he alleges that had counsel fully explained the implications of his plea agreement he would not have entered it), Petitioner's claim is not barred by the provision in his plea agreement waiving his appeal rights.[4]

That having been said, ineffective assistance of counsel claims are subject to the two-part test enunciated in Strickland v. Washington, 466 U.S. 668 (1994), which is not a favorable standard to Petitioner. Massaro v. United States, 538 U.S. 500, 505 (2003). First, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. In applying this test, reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance[.]" Strickland, 466 U.S. at 689; see also Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing "that petitioner was not entitled to error-free representation"). "A petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions." Hagins v. United States, 267 F.3d 1202, 1204-05 (11th Cir. 2001). Second, Petitioner must establish prejudice by

---

[4]This conclusion is supported by a number of opinions from other circuits. See United States v. White, 307 F.3d 336, 343 (5th Cir. 2002) ("[A]n ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself . . . ."); United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001) ("[A] plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver."); De Roo v. United States, 223 F.3d 919, 924 (8th Cir. 2000) ("A defendant's plea agreement waiver of the right to seek section 2255 post-conviction relief does not waive defendant's right to argue, pursuant to that section, that the decision to enter the plea was not knowing and voluntary because it was the result of ineffective assistance of counsel."); Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999) ("Justice dictates that a claim of ineffective assistance of counsel in connection with the negotiation of a cooperation agreement cannot be barred by the agreement itself – the very product of the alleged ineffectiveness.").

9

showing "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. In the context of a guilty plea, the Court must normally inquire as to whether counsel's performance affected the outcome of the plea process. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

In applying the Strickland components outlined above, "[a] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Smith v. Wainwright, 777 F.2d 609, 616 (11th Cir. 1985). Under the prejudice component, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome . . . ." Id. at 616 (citing Strickland, 466 U.S. at 694-95). For as the Eleventh Circuit has ruled, an affirmative showing of prejudice that would undermine the results of the proceedings is necessary because "'attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some conceivable effect on the outcome of the proceeding' is insufficient to show prejudice." Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004) (citations omitted).

"Given the strong presumption in favor of competence, the petitioner's burden of persuasion--though the presumption is not insurmountable--is a heavy one." Fugate v. Head, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted). As the Eleventh Circuit has

succinctly stated, "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done." Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (*en banc*). "[C]ases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Id. at 1511.

Because determining whether Petitioner suffered prejudice hinges upon the validity of the underlying claims, see Cross v. United States, 893 F.2d 1287, 1290 (11th Cir. 1990), the Court will review the merits of the claims which form the basis for Petitioner's claims of ineffective assistance of counsel.

### 1. Failure to File Objections to the PSI

In his § 2255 motion, Petitioner alleges in support of his claim of ineffective assistance of counsel that counsel failed to object to the portion of the PSI report that assigned him a base offense level of 30. This base offense level assignment required that between 35 and 50 grams of cocaine base be attributed to Petitioner. Petitioner contends that his sentence should have been based on base offense level of 27, which would only have required that between 5 and 20 grams of cocaine base be attributed to him. Since his counsel failed to object to this increased base offense level in the PSI, Petitioner contends that counsel failed to render effective assistance of counsel.

It appears that Petitioner's claim of ineffective assistance of counsel rests on a misunderstanding of the distinction between the criminal charges to which he pled guilty and the U.S. Sentencing Guidelines. Petitioner pled guilty to Count 6 of the indictment, which charged him with possession and intent to distribute 5 or more grams of cocaine base in

11

violation of 21 U.S.C. § 841(a)(1). This Count was based on the March 17, 2005 seizure of a total of 37.1 grams of cocaine base. Rule 11 Tr. at 21. Contrary to Petitioner's position, the criminal code does not allocate the amount of drugs in the same increments that the Sentencing Guidelines do. In fact, the next highest amount under the criminal code for purposes of indictment would have been 50 grams or more of a substance or mixture containing cocaine base. See 21 U.S.C. § 841(b)(1)(A)(ii). Clearly, there is some disparity in the amount of cocaine base that Petitioner could have possessed that was equal to or greater than 5 grams but less than 50 grams. The Sentencing Guidelines account for this disparity by assigning base offense levels in smaller increments. The base offense level of 30 assigned to Petitioner was based on a showing that between 35 and 50 grams of cocaine base could be attributed to him. PSI ¶ 19 (citing U.S. Sentencing Guidelines Manual § 2D1.1(c)(5) (2008)).[5] As Petitioner pled guilty to Count 6 of the indictment based on the March 17, 2005 seizure and recovery of 37.1 grams of cocaine base and his sentence was based on his plea to this count, the PSI reflected the correct base offense level of 30, rather than the lower base offense level of 27. Furthermore, as noted above, amendments to the sentencing guidelines resulted in a reduction of Petitioner's total offense level from 27 to 25 and a corresponding twenty (20) month reduction in Petitioner's sentence. CR 305-015, doc. no. 77.

In sum, because there was no error in computing Petitioner's base offense level and

---

[5]The U.S. Sentencing Guidelines actually assign a base offense level of 28 upon a showing that between 35 and 50 grams of cocaine base could be attributed to Petitioner. U.S. Sentencing Guidelines Manual § 2D1.1(c)(5) (2008). However, since Petitioner had also been charged with a firearms offense, the Sentencing Guidelines provide for an increase of two levels, resulting in Petitioner's base offense level of 30. See id. § 2D1.1(b)(1).

12

because his total offense level and sentence have already been reduced, no prejudice has inured to Petitioner, and he has failed to demonstrate that counsel was ineffective for failing to object to the PSI in this regard. Therefore, this claim is without merit.

### 2. Failure to Explain Plea Agreement

In support of his claim for ineffective assistance of counsel, Petitioner also makes the allegation that his attorney failed to explain the plea agreement to him. This assertion is affirmatively contradicted by the record. As set forth in Petitioner's plea agreement, Petitioner represented that he "had the services of an attorney he believes to be competent" and that he "met with said an attorney on a sufficient number of occasions and for a sufficient period of time to discuss [his] case and receive advice." Id., doc. no. 38 at 12. Furthermore, Petitioner represented as part of this agreement that "the plea to be entered . . . is the result of prior discussions between the attorney for the government and the attorney for the defendant, conducted with the defendant's authorization, knowledge and consent . . . ." Id. Notably, Petitioner also represented in his plea agreement that he had "been advised of the charges to which the plea of guilty is to be offered [and] of the maximum possible penalties provided by law . . . ." Id. at 13. Finally, as outlined above, Petitioner indicated at the Rule 11 colloquy that he was satisfied with counsel's preparation and handling of the case. Rule 11 Tr. at 9-10. After Judge Bowen read Petitioner the maximum penalties for each count, Petitioner indicated that he had no questions about those penalties. Id. at 12-13. In addition, after Judge Bowen had summarized Petitioner's plea agreement as detailed above, Petitioner indicated that the summary was accurate as he understood it. Id. at 16-18. As previously noted, "[s]olemn declarations in open court [at a guilty plea hearing] carry a

13

strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge, 431 U.S. at 74. Furthermore, even if counsel failed to adequately explain the plea agreement to Petitioner, Judge Bowen did so, and again, no prejudice inured to Petitioner. Thus, the Court finds that Petitioner has not demonstrated that he received constitutionally ineffective assistance of counsel for counsel's alleged failure to explain the plea agreement, and this claim is without merit.

### C. Trial Court's Alleged Error in Sentencing

While Petitioner's claims regarding errors by the trial court are barred by his appeal waiver, in an abundance of caution, the Court will address the merits of Petitioner's arguments. Petitioner's claim that the trial court erred in sentencing him based on the calculation of his base offense level of 30, rather than a base offense level of 27, involves the same facts as those involved in Petitioner's ineffective assistance of counsel claim based on counsel's failure to object to the PSI. The reasoning supporting rejection of that claim is equally applicable here. As the Court found no merit to Petitioner's argument that he should have been sentenced starting from a base offense level of 27, see Part II.B.1 *supra*, the Court finds that the sentencing court did not err in calculating Petitioner's sentence.

Petitioner also argues that the district court erred in sentencing him because his sentence was not based on facts found by a jury. (Pet.'s Br., p. 7). Though not explicitly stated, Petitioner's argument appears to rest on a misguided interpretation of the rule stated in Booker v. United States, 543 U.S. 220 (2005), that "'[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict [must be] admitted by the defendant

14

or proved to a jury beyond a reasonable doubt.'" Varela v. United States, 400 F.3d 864, 867 (11th Cir. 2005) (*per curiam*) (citations omitted). However, the record clearly shows that Petitioner did admit facts sufficient to uphold the sentence imposed. As detailed above, Agent Rhodes testified to the facts underlying Petitioner's guilty plea at the Rule 11 colloquy, which established, *inter alia*, that agents seized 37.1 grams of cocaine base on March 17, 2005. Rule 11 Tr. at 21-25. At the conclusion of Agent Rhodes' testimony, Judge Bowen asked Petitioner whether Agent Rhodes made any statements with which he disagreed. Id. at 25. Petitioner responded, "I don't disagree, Your Honor." Id. Thus, Petitioner's admission in open court of the facts upholding his sentence is negated by the record.[6] Accordingly, the Court concludes that there was no error in the imposition of Petitioner's sentence and this claim is without merit.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Petitioner's § 2255 motion be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 26th day of November, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[6]Furthermore, Petitioner's plea agreement informed him that pursuant to Booker, sentencing court was "not bound to apply the federal sentencing guidelines [but] must consult those guidelines and take them into account to formulate a reasonable sentence." CR 305-015, doc. no. 38 at 9.

15